# CIVIL COVER SHEET

JS 44 (Rev. 12/07)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Pedia Manor and Kono and Joyce Tehmeh

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff: **Bucks**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Patricia C. Collins, Esquire
131 W. State Street, Doylestown, PA 18901  215-230-7500

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / **Habeas Corpus:** | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Section 502(a) of ERISA, 29 USC Section 1132(a)
Brief description of cause: Denial of health benefits.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 1/12/10
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

Address of Plaintiff: __See attached list__

Address of Defendant: __See attached list__

Place of Accident, Incident or Transaction: __Quakertown, Bucks County, Pennsylvania__
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))  Yes☐  No☒

Does this case involve multidistrict litigation possibilities?  Yes☐  No☒

*RELATED CASE, IF ANY:*
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)
A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases     ERISA
(Please specify)

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)

I, __Patricia C. Collins__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: __1/12/10__   _____   __78648__
                      Attorney-at-Law          Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/12/10__   _____   __78648__
                      Attorney-at-Law          Attorney I.D.#

CIV. 609 (6/08)

## ADDRESSES OF PARTIES

**Plaintiffs**

PEDIA MANOR
2440 Old Bethlehem Pike
Quakertown, PA  18951

KONO TEHMEH and JOYCE TEHMEH
3241 Hulmeville Road, Apt. D104
Bensalem, PA  19020

**Defendants**

GROUP HOSPITALIZATION AND
MEDICAL SERVICES PLAN
840 First Street, NE
Washington, DC  20065

GROUP HOSPITALIZATION AND
MEDICAL SERVICES INC. d/b/a
CAREFIRST BLUECROSS BLUESHIELD
840 First Street, NE
Washington DC 20065

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Case 2:10-cv-00153-GP    Document 1    Filed 01/13/2010    Page 4 of 14

Address of Plaintiff: __See attached list__

Address of Defendant: __See attached list__

Place of Accident, Incident or Transaction: __Quakertown, Bucks County, Pennsylvania__
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases    ERISA
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, __Patricia C. Collins__, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 1/12/10    _____    78648
                  Attorney-at-Law              Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/12/10    _____    78648
                  Attorney-at-Law              Attorney I.D.#

CIV. 609 (6/08)

## ADDRESSES OF PARTIES

**Plaintiffs**

PEDIA MANOR
2440 Old Bethlehem Pike
Quakertown, PA 18951

KONO TEHMEH and JOYCE TEHMEH
3241 Hulmeville Road, Apt. D104
Bensalem, PA 19020

**Defendants**

GROUP HOSPITALIZATION AND
MEDICAL SERVICES PLAN
840 First Street, NE
Washington, DC 20065

GROUP HOSPITALIZATION AND
MEDICAL SERVICES INC. d/b/a
CAREFIRST BLUECROSS BLUESHIELD
840 First Street, NE
Washington DC 20065

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PEDIA MANOR and KONO AND JOYCE TEHMEH :
:
V.                                      :        Civil Action
                                        :        No: _____
GROUP HOSPITALIZATION AND MEDICAL SERVICES:
PLAN and GROUP HOSPITALIZATION AND MEDICAL:
SERVICES INC. dba CAREFIRST BLUECROSS
BLUESHIELD             DISCLOSURE STATEMENT FORM

Please check one box:

[X]     The nongovernmental corporate party, _____PEDIA MANOR_____
        , in the above listed civil action does not have any parent corporation and
        publicly held corporation that owns 10% or more of its stock.

[ ]     The nongovernmental corporate party, _____
        , in the above listed civil action has the following parent corporation(s) and
        publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____

_1/13/10_____         _____(signature)_____
Date                            Signature
                                Patricia C. Collins, Esquire
              Counsel for:      Plaintiffs

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
   (a)   WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file
         two copies of a disclosure statement that:
         (1)   identifies any parent corporation and any publicly held corporation
               owning 10% or more of its stock; or

         (2)   states that there is no such corporation.

   (b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
         (1)   file the disclosure statement with its first appearance, pleading,
               petition, motion, response, or other request addressed to the court;
               and
         (2)   promptly file a supplemental statement if any required information
               changes.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

PEDIA MANOR and KONO AND JOYCE TEHMEH :
:
V. : Civil Action
: No: _____
GROUP HOSPITALIZATION AND MEDICAL SERVICES:
PLAN and GROUP HOSPITALIZATION AND MEDICAL :
SERVICES INC. dba CAREFIRST BLUECROSS
BLUESHIELD

DISCLOSURE STATEMENT FORM

Please check one box:

☒  The nongovernmental corporate party, ___PEDIA MANOR___ , in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐  The nongovernmental corporate party, _____ , in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

___1/14/10___                           ___[signature]___
Date                                    Signature
                                        Patricia C. Collins, Esquire
                    Counsel for:        Plaintiffs

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**
(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
(1) identifies any parent corporation and any publicly held corporation owning10% or more of its stock; or

(2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
(1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
(2) promptly file a supplemental statement if any required information changes.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| PEDIA MANOR and KONO AND JOYCE TEHMEH | : | CIVIL ACTION |
| v. | : | |
| GROUP HOSPITALIZATION AND MEDICAL SERVICES PLAN and GROUP HOSPITALIZATION AND MEDICAL SERVICES INC. dba CAREFIRST BLUECROSS BLUESHIELD | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (xx)

| 1/7/10 | Patricia C. Collins | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-230-7500 | 215-230-7796 | pcollins@ammlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

ANTHEIL MASLOW & MACMINN, LLP
By: Patricia C. Collins, Esquire
Attorney I.D. #78648
131 W. State Street, P. O. Box 50
Doylestown, PA 18901
(215) 230-7500
pcollins@ammlaw.com

**Attorney for Plaintiffs**

| | |
|---|---|
| PEDIA MANOR<br>2440 Old Bethlehem Pike<br>Quakertown, PA 18951<br><br>and<br><br>KONO TEHMEH and JOYCE TEHMEH<br>3241 Hulmeville Road, Apt. D104<br>Bensalem, PA 19020<br><br>vs.<br><br>GROUP HOSPITALIZATION AND<br>MEDICAL SERVICES PLAN<br>840 First Street, NE<br>Washington, DC 20065<br><br>and<br><br>GROUP HOSPITALIZATION AND<br>MEDICAL SERVICES INC. d/b/a<br>CAREFIRST BLUECROSS BLUESHIELD<br>840 First Street, NE<br>Washington, DC 20065 | IN THE UNITED STATES DISTRICT<br><br>COURT FOR THE EASTERN DISTRICT<br><br>OF PENNSYLVANIA<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>No. |

## COMPLAINT

Plaintiffs, Pedia Manor and Kono and Joyce Tehmeh, by and through their undersigned counsel, hereby submit this Complaint, and state:

1. This action arises under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA"), to recover benefits due under Group Health Insurance Plan, and to recover costs and attorneys' fees as provided by ERISA.

2. This action is brought pursuant to Section 502(a) of ERISA, 29 U.S.C. § 1132(a).

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1131, without respect to the amount in controversy. 29 U.S.C. § 1132(f).

4. Venue is proper in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b), in that one or more of the Defendants resides or may be found in this district.

## THE PARTIES

5. Plaintiff Pedia Manor is a home for medically fragile and technologically dependent children located at 2440 Old Bethlehem Pike, Quakertown, Pennsylvania.

6. Plaintiffs Kono and Joyce Tehmeh are individuals residing at 3241 Hulmeville Road, Apartment D104, Bensalem, Pennsylvania, and are the parents of Joshua Tehmeh.

7. Plaintiff Kono Tehmeh is a participant in the CareFirst Group Hospitalization and Medical Services Plan, within the meaning of 29 U.S.C. § 1002(1), through his employment at H&S Bakery, Inc.

8. Plaintiff has standing to bring this action under 29 U.S.C. § 1132(a).

9. Plaintiffs Kono and Joyce Tehmeh assigned their rights to Pedia Manor to pursue payment for services provided to Joshua Tehmeh. See Assignment, attached hereto as Exhibit "A."

10. Defendant Group Hospitalization and Medical Services Plan ("the Plan") is a group health insurance plan within the meaning of 29 U.S.C. § 1002.

11. Defendant Group Hospitalization and Medical Services Inc. d/b/a CareFirst BlueCross BlueShield ("CareFirst"), is a corporation registered to do business in Pennsylvania, with its principal place of business at 840 First Street, NE, Washington DC 20065.

12. H&S Bakery Inc. is the "plan sponsor" of the Plan, within the meaning of 29 U.S.C. § 1002(16)(B)(i).

## BACKGROUND FACTS

13. Joshua Tehmeh was born on July 18, 2008, extremely premature, and suffered sever hypoxic and ischemic injury to the brain.

14. Joshua suffers from profound encephalomyelopathy with plateau of head growth, arrest of neurologic development, and chronic lung disease and feeding problems.

15. His condition requires skilled nursing care to manage his multiple medical problems, and such care is medically necessary to avoid a life-threatening event.

16. Joshua receives the following medically necessary care:

   a. Respiratory care: Skilled care is required to determine whether he requires breathing treatments, including nebulizer treatments, oxygen, chest percussion therapy and postural draining and to prevent life-threatening respiratory distress.

   b. Therapy: Joshua receives speech therapy, occupational therapy, and physical therapy.

   c. Feeding: Skilled care is required to determine the appropriate nutrition and to monitor Joshua's weight and feeding tube. Joshua receives all of his nutrition through a feeding tube.

17. According to the Plan, CareFirst must provide coverage for Medically Necessary care; that is, care that a health care provider, exercising prudent clinical judgment renders to or

recommends for a patient for the purposes of preventing, evaluating, diagnosing or treating an illness, injury, diseases or its symptoms.

18. The care Pedia Manor provides to Joshua Tehmeh is Medically Necessary under the terms of the plan.

19. According to the Plan, CareFirst will not provide coverage for "custodial" care.

20. "Custodial" care is care provided to meet the activities of daily living, which can be provided by persons without professional medical skills or training.

21. On October 19, 2009, and various earlier dates, Defendants denied coverage for this care, claiming that the care was "custodial."

22. Plaintiff timely filed an appeal of the denial.

23. Defendants denied the appeal.

24. Plaintiffs have been harmed in the amount of the cost of care at Pedia Manor.

## COUNT I

## CLAIM FOR BENEFITS UNDER THE PLAN

25. Plaintiff incorporates by reference the foregoing paragraphs as if more fully set forth herein.

26. The Plan provides that it will cover all Medically Necessary care.

27. According to the Plan, under the terms of the Plan, Plaintiffs were entitled to coverage for the care provided at Pedia Manor to Joshua.

28. The care provided by Pedia Manor is not custodial care.

29. Despite timely appeals, Defendants have failed and refused to provide coverage for care.

30. Plaintiff is entitled to coverage under the Plan, and the failure and result by Defendant to pay such benefits constitutes a violation of the Plan, actionable under 29 U.S.C. § 1132(a)(1).

WHEREFORE, for all the foregoing reasons, Plaintiffs respectfully request this Court to enter judgment in their favor, including attorneys' fees and costs as permitted under 29 U.S.C. § 1132(g)(1) and interest, and award such other and further relief as may be just and proper.

Respectfully submitted,

ANTHEIL MASLOW & MACMINN, LLP

By: _____
Patricia C. Collins, Esquire
Attorney I.D. # 78648

## PEDIA MANOR
## ASSIGNMENT OF ERISA CLAIMS

We assign the right to payment for all medical benefits provided to our son, Joshua Tehmeh, directly to Pedia Manor in consideration for medical services and supplies provided pursuant to my health insurance plan.

In the event my health insurance plan refuses to pay for provided services, we also assign all of our rights under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1101 *et seq.* to Pedia Manor, for a full and fair review of any and all denied claims, including any penalties that may be assessed against the insurance company for faulty claims processing. This ERISA assignment is in consideration for the unpaid services provided and in consideration for the continued willingness of Pedia Manor to care for Joshua Tehmeh or others covered by my plan on an insurance assignment basis. I understands that if this provider prevails in any such payment dispute, I may be liable for co-payments for the contested services.

We give consent to release medial information regarding Joshua Tehmeh to Pedia Manor. I give consent to Pedia Manor to release medical information regarding Joshua Tehmeh to my insurance company as necessary.

_____     _8/18/09_____
Kono Tehmeh                          DATE

_____     _8/18/09_____
Joyce Tehmeh                         DATE

# EXHIBIT "A"